AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| MOISES NAVAS a/k/a "Fabuloso," ) | Case No. 3:21-mj-71610 MAG |
| NEITAN ERAZORAMOS ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* | |

FILED
Oct 08 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  July 29, 2021 to August 19, 2021  in the county of  San Francisco  in the
Northern  District of  California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846; | Conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) | Possession with intent to distribute 50 grams or more of a mixture or substance containing methampehatimne, its salts, isomers, or salts of its isomers. |

This criminal complaint is based on these facts:

See Affidavit of ATF Special Agent Daniel Garza.

☑ Continued on the attached sheet.

/s/ Daniel Garza
*Complainant's signature*

Approved as to form  Kenneth Chambers
AUSA  Kenneth Chambers

DANIEL GARZA, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R Crim. P. 4.1 by
Sworn by Telephone  *(specify reliable electronic means)*

Date: 10/08/2021

*Judge's signature*

City and state:  San Francisco, CA    Hon. Thomas S. Hixson, U.S Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Daniel Garza, a Special Agent of the United States Department of Justice, Alcohol, Tobacco, Firearms, & Explosives ("ATF"), being duly sworn, hereby state as follows:

## I.   INTRODUCTION

1.   I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of **Moises NAVAS** and **Neitan ERAZORAMOS**, for possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) and conspiracy to distribute 50 or more grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846.

## II.   AFFIANT BACKGROUND

2.   I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since April 2013. I am presently assigned to the ATF San Francisco Metro Field Office in San Francisco, California. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia.

3.   As an ATF Special Agent, I have been trained to conduct and participate in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have received training in investigating and assisting in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. I have received training and participated in various types of investigative techniques, including the use of electronic surveillance, undercover agents, and informants.

### III. SOURCES OF INFORMATION

4. The facts and information set forth in this affidavit are based on my personal observations, my training and experience, information provided by video and photographic evidence, and information provided by records and databases and, as specifically attributed below, information obtained from law enforcement officers and witnesses. To the extent that any information in the affidavit is not within my personal knowledge, it has been made available to me through reliable law enforcement sources, and I believe such information to be true. In addition, where I report information that I learned from others, or from reviewing documents and reports prepared by others, such information is recounted in sum and substance and in relevant part.

5. This affidavit is made for the sole purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant and does not set forth all my knowledge of, or investigation into, this matter. This affidavit reflects my current understanding of the facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

### IV. APPLICABLE STATUTES

6. 21 U.S.C. § 84l(a)(l) provides: " ... it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . ." Methamphetamine is a Schedule II controlled substance. Subsection 841(b)(1)(B)(viii) provides enhanced penalties in the case of a violation involving 50 grams or more of a mixture or substance containing methamphetamine. The elements of an offense under 841(a)(1), (b)(1)(B)(viii) are as follows:

    a) The defendant knowingly possessed 50 grams or more of a mixture or substance containing methamphetamine; and

    b) The defendant possessed it with the intent to distribute it to another person.

7. 21 U.S.C. § 846 provides "Any person who attempts or conspires to commit any

offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

### V. STATEMENT OF PROBABLE CAUSE

**A.   On July 29, 2021, NAVAS sold an ATF CI methamphetamine during a controlled purchase.**

8.   On July 29, 2021, ATF Confidential Informant (CI) purchased 58.1 grams of methamphetamine from Moises NAVAS and Neitan ERAZORAMOS for $500.00 in pre-recorded government funds.[1]  Prior to the controlled purchase, the CI traveled to the vicinity of 808 Larkin Street, San Francisco, CA and contacted NAVAS.  The CI then provided NAVAS with $500.00 in pre-recorded government funds.  NAVAS then directed ERAZORAMOS to hand the CI 58.1 grams of methamphetamine. This controlled purchase was recorded with electronic surveillance equipment to include audio and video.

**B.   On August 6, 2021, the CI purchased 65.2 grams of methamphetamine from Neitan ERAZORAMOS for $500.00 in pre-recorded government funds.**

9.   On August 5, 2021, an ATF Confidential Informant (CI) placed a call to NAVAS. The following phone communications were exchanged between the ATF CI and NAVAS (it should be noted that the below are a summary):

a)   On August 5, 2021, at approximately, 1454 hours PST, the CI text-messaged NAVAS the following: "Sup bro i need 2 more  tmrw ill be at u around noon tmrw"

b)   On August 5, 2021, at approximately, 1455 hours PST, the CI and NAVAS confirmed the details of a controlled purchase schedule for the following day.  NAVAS asked the CI if he/she wanted "2 more" referring to two ounces of methamphetamine. NAVAS then asked what color methamphetamine the CI wanted to purchase.  NAVAS

---

[1] CI has proven to be reliable and has worked on numerous other ATF cases with success. The CI has a felony conviction. The felony conviction is not for a crime implicating untruthfulness. He/she receives monetary compensation for assisting ATF.

then confirmed the approximate time for the purchase and told the CI that, "if I'm not there my boy is gonna have it…will call him right now." NAVAS "boy" was revealed to be ERAZORAMOS.

10. Prior to the controlled purchase, the CI traveled to the vicinity of 808 Larkin Street, San Francisco, CA and contacted ERAZORAMOS. The CI asked ERAZORAMOS if he had an additional ounce of methamphetamine to sell for a total of three (3) ounces. ERAZORAMOS replied that he did not and that the "big man"[2] [NAVAS] told him it would only be two (2) ounces of methamphetamine for the controlled purchase. The CI then purchased approximately 65.2 grams of methamphetamine from ERAZORAMOS for $500.00 in pre-recorded government funds. This controlled purchase was recorded with electronic surveillance equipment to include audio and video.

11. Following the transaction at approximately 1239 hours PST, the CI placed a call to NAVAS. The CI confirmed with NAVAS that the controlled purchase was a success. NAVAS replied "A1 right" [referring to the quality of the methamphetamine]. The CI and NAVAS agreed to conduct future transactions.

C. **August 11, 2021, controlled purchase of Methamphetamine from ERAZORAMOS.**

7. On August 11, 2021, the CI contacted NAVAS via recorded phone communications. The CI and NAVAS had previously agreed to conduct a controlled purchase. The CI informed NAVAS at approximately 1445 hours PST that he/she would arrive at the deal location in approximately 15 minutes. NAVAS replied "my boy's waiting right there." It should be noted that NAVAS refers to ERAZORAMOS as his "boy."

8. At approximately 1458 hours, the CI arrived in the vicinity of O'Farrell Street and Larkin Street. The CI made contact with ERAZORAMOS and purchased approximately 61.8 grams of suspected methamphetamine for $500.00 in pre-recorded government funds. This

---

[2] NAVAS is a large individual with a height of 5'5" and weight of 330 lbs.

4

controlled purchase was recorded with electronic surveillance equipment to include audio and video.

      D.     **August 19, 2021, controlled purchase of Methamphetamine from ERAZORAMOS.**

12.     On August 18, 2021, at approximately 1327 hours PST, the CI sent NAVAS a text message to stating, "Yo bro let me get 3 tmrw white I'll be at you around 1pm[.]" On August 19, 2021 at approximately 1100 hours PST, after several unanswered phone calls and a text message, the CI made contact with NAVAS in the vicinity of Larkin Street and O'Farrell Street, San Francisco, CA. I debriefed the CI about this interaction. The CI informed me that NAVAS was nervous about communicating with him/her over the phone and suspected that law enforcement was monitoring his and the CI's phone interactions. NAVAS explained that he preferred face to face interactions. NAVAS then agreed to have three ounces of crystal methamphetamine ready to sell the CI later that day at approximately 1230 hours or 1300 hours.

13.     At approximately 1240 hours PST, despite his earlier concerns, NAVAS attempted to contact the CI but that call went unanswered. At approximately 1259 hours PST, the CI texted NAVAS, "Running late be there like 25- mins fwy its traffic[.]"

14.     At approximately 1337 hours PST, the CI arrived near the intersection of Larkin Street and O'Farrell Street. At approximately the same time, the CI received a phone call from ERAZORAMOS. The CI made contact with ERAZORAMOS and purchased approximately 92.5 grams of methamphetamine for $750.00 in pre-recorded government funds from ERAZORAMOS. This controlled purchase was recorded with electronic surveillance equipment to include audio and video.

      E.     **Field Test Results of Purchased Methamphetamine.**

15.     The methamphetamine amounts purchased on July 29, 2021, August 6, 2021, August 11, 2021, and August 19, 2021, were field tested. All quantities resulted in a presumptive positive for the presence of methamphetamine.

## IV.  CONCLUSION

16. On the basis of my participation in this investigation and the information summarized above, I have probable cause to believe that NAVAS and ERAZORAMOS have each committed at least two violations of federal law: (1) beginning on a date unknown, but no later than or about July 29, 2021 and continuing through at least on or about August 19, 2021, in the Northern District of California, NAVAS and ERAZORAMOS did knowingly and intentionally conspire to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomer, and salts of its isomers, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) and 21 U.S.C. § 846; (2) on or about on July 29, 2021, in the Northern District of California, NAVAS and ERAZORAMOS did knowingly distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomer, and salts of its isomers, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii).

Dated: 10/08/2021

/s/ Daniel Garza
Daniel Garza
Special Agent
Alcohol, Tobacco, Firearms, & Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 8th day of October 2021.

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge